UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN A. MAY, Conservator
of the estate of CAROLYN HEGGS,

    Plaintiff,

v.                                                                                  Case No. 08-15263
                                                                          Hon. Lawrence P. Zatkoff
JP MORGAN CHASE & CO.,

    Defendant.

                                                       /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

This matter is before the Court on Plaintiff's motion for remand [dkt 6]. Plaintiff originally filed this case with the Oakland County Probate Court on November 26, 2008, seeking the return of funds that Defendant allegedly improperly released to the conservatee. Defendant timely removed the case to this Court on the basis of federal-question jurisdiction. In its notice of removal, Defendant maintained that the Employee Retirement Income Security Act of 1974 (ERISA) completely preempts Plaintiff's claims. Plaintiff then filed the present motion in which he does not object to the applicability of ERISA, but rather argues that the Court should apply the "probate exception" and remand the case to the Oakland County Probate Court.

It is a well-settled principle that the civil-enforcement provision of ERISA, 29 U.S.C. § 1132, completely preempts state-law benefits claims and provides for removal jurisdiction. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); *Taylor Chevrolet Inc. v. Med. Mut. Servs. LLC*, No. 07-4505, 2008 WL 5378025, at *3 (6th Cir. Dec. 28, 2008). It is equally well-settled that federal district courts do not enjoy jurisdiction over state probate matters. *See, e.g.*, *Markham v. Allen*, 326 U.S. 490, 494 (1946) (citing cases). In *Markham*, the Supreme Court reaffirmed that a federal court

may not exercise its otherwise proper jurisdiction when doing so would interfere with state probate matters. *Id*. This so-called "probate exception" to federal jurisdiction extends to cases normally removable by virtue of complete ERISA preemption. *See In re Estate of Lewis*, No. 1:06-cv-562, 2006 WL 3542653 (W.D. Mich. Dec. 7, 2006); *In re Estate of Lewis*, 128 F. Supp. 2d 573 (N.D. Ill. 2001).

The United States Supreme Court recently revisited the probate exception and limited the *Markham* holding. *See Marshall v. Marshall*, 547 U.S. 293 (2006). The Court clarified that this narrow exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id*. at 311-12. In all other situations, the doctrine "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id*. at 312.

In *Gustafson v. Zumbrunnen*, 546 F.3d 398 (7th Cir. 2008), the Seventh Circuit recently held that the probate exception was inapplicable where "[t]he judgment sought would just add assets to the estate." *Id*. at 400. Likewise, this case looks to add—or more precisely, to recoup—assets to an estate. It does not implicate the administration or validity of the conservatorship, which would be matters for a probate court. *See Struck v. Cook County Pub. Guardian*, 508 F.3d 858, 859-60 (7th Cir. 2007) (applying exception to claim challenging revocation of guardianship). Further, under Michigan law, Plaintiff's underlying claim enjoys concurrent jurisdiction in the probate court, *see* Mich. Comp. Laws § 700.1303, as opposed to the exclusive probate jurisdiction authorized for other actions. *See* Mich Comp. Laws § 700.1302.

Plaintiff cites *In re Estate of Lewis*, 128 F. Supp. 2d 573, and *Fisher v. Hartford Life*

*Insurance Co.*, 486 F. Supp. 2d 735 (N.D. Ill. 2007), as support. In *Estate of Lewis*, the plaintiff sought to ascertain property of a minor's estate, and the defendant removed the case under the guise of ERISA. *Id*. at 573. The district court remanded the case, employing an expansive reading of *Markham*. *Id*. at 574-75. The subsequent *Marshall* opinion decidedly impacts the persuasive value of that case. In *Fisher*, the executor of an estate was attempting to recover life insurance proceeds. *Id*. at 737. The court found this was "ancillary" to the decedent's pending estate administration and remanded the case. *Id*. at 740.

This claim is not part of a pending estate administration, but rather it is a separate action to recover property that was removed from the estate. *See Fluker v. Anderson*, No. 4:06-cv-3394, 2008 U.S. Dist. LEXIS 1947, at *5 (S.D. Tex. Jan. 10, 2008) (holding probate exception inapplicable to a dispute over ERISA insurance benefits dispersed to the decedent's ex-husband); *Agee v. Amos*, No. 1:03CV-00072, 2006 WL 179474, at *4 (W.D. Ky. June 22, 2006) (holding probate exception inapplicable to property allegedly misappropriated from estate). Plaintiff's claim seeks an *in personam* judgment against Defendant, which falls outside the scope of the probate exception. *See Wisecarver v. Moore*, 489 F.3d 747, 750-51 (6th Cir. 2007).

The Court finds that Defendant has adequately pleaded complete ERISA preemption and that the probate exception does not apply. Removal was therefore proper.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for remand [dkt 6] is DENIED.

IT IS SO ORDERED.

                                              s/Lawrence P. Zatkoff  
                                              LAWRENCE P. ZATKOFF  
                                              UNITED STATES DISTRICT JUDGE

Dated: February 25, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 25, 2009.

                                              s/Marie E. Verlinde  
                                              Case Manager  
                                              (810) 984-3290