UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN A. MAY, Conservator
of the estate of CAROLYN HEGGS,

    Plaintiff,

v.                                                                                          Case No. 08-15263
                                                                                  Hon. Lawrence P. Zatkoff
JP MORGAN CHASE & CO.,

    Defendant/Third-Party Plaintiff,

v.

ALAN A. MAY,

    Third-Party Defendant.
    _____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 9, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Third-Party Defendant Alan May's ("May") motion to dismiss [dkt 18]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, May's motion to dismiss is GRANTED.

### II. BACKGROUND

In April 2002, Carolyn Heggs was adjudicated to be legally incapacitated and her estate was placed into a conservatorship. Alan May was named conservator of her estate. Ms. Heggs held retirement and 401k accounts with Chase Bank, an entity owned by JP Morgan Chase & Co. ("Defendant"). Plaintiff alleges that Defendant negligently permitted Ms. Heggs to personally withdraw $41,463.41 from her retirement account and borrow $7,146.24 against her 401k savings plan, all with the knowledge that Ms. Heggs was a legally-incapacitated individual. Defendant maintains that the letters of conservatorship had expired by the time the funds were withdrawn.

Plaintiff filed a motion to remand the case to the Oakland County Probate Court. In that motion, Plaintiff did not dispute Defendant's contention that the Employee Retirement Income Security Act of 1974 ("ERISA") controlled this case, but argued instead that the "probate exception" to the Court's federal-question jurisdiction required abstention. On February 25, 2009, the Court issued an opinion and order [dkt 9] holding that the facts of this case did not implicate the probate exception and that federal jurisdiction was proper. Defendant has since filed a counterclaim against Plaintiff (*i.e.*, Alan May in his capacity as conservator) and a third-party complaint against May (*i.e.*, Alan May in his individual capacity). May has now moved to dismiss the third-party complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of the claimant's action. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the non-movant's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See*

*Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a non-movant must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *see also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1949–50 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b).

## **IV. ANALYSIS**

Defendant's third-party complaint alleges that May was negligent in allowing the letters of conservatorship to expire, thereby breaching a duty to Defendant. May disputes that he owes any such duty in his individual capacity to Defendant.

While the Court has ruled that this matter is governed by the provisions of ERISA, the parties have couched their arguments for the current motion in terms of Michigan negligence law, and the Court will decide the motion accordingly.

The applicable Michigan statute regarding a conservator's individual capacity—which, interestingly, neither party cites—states as follows:

> (1) Unless otherwise provided in the contract, a conservator is not individually liable on a contract properly entered into in a fiduciary capacity in the course of estate administration unless the conservator fails to reveal the representative capacity and identify the estate in the

> contract.
>
> (2)  A conservator is personally liable for an obligation arising from ownership or control of estate property or for torts committed in the course of estate administration only if personally at fault.
>
> (3)  A claim based on a contract entered into by a conservator in a fiduciary capacity, an obligation arising from ownership or control of the estate, *or a tort committed in the course of estate administration may be asserted against the estate by proceeding against the conservator in the conservator's fiduciary capacity, whether or not the conservator is personally liable for the claim.*
>
> (4)  A question of liability between the estate and the conservator personally may be determined in a proceeding for accounting, surcharge, indemnification, or other appropriate proceeding or action.

Mich. Comp. Laws § 700.5430 (emphasis added).  Thus, while subsection (2) of the statute suggests that tort liability might attach to a conservator individually, subsection (3) requires that such a claim be submitted against the estate, and subsection (4) allows for recourse by the estate to the conservator individually.  Nowhere does the statute anticipate a direct action by a third party against the conservator in an individual capacity.

Despite this rather clear statutory guidance, the parties' arguments focus on the viability of a traditional negligence action, and they cite cases involving falling doors, ammunition sales, and asbestos.  *See Davis v. Venture One Const., Inc.*, 568 F.3d 570 (6th Cir. 2009); *In re Certified Question from the Fourteenth Dist. Ct. of Appeals of Tex.*, 740 N.W.2d 206 (Mich. 2007); *Buczkowski v. McKay*, 490 N.W.2d 330 (Mich. 1992).  None of these cases, however, recognize the unique, statutorily-created capacity of a conservator.

Even accepting Defendant's allegations as true (*i.e.*, that the elements of a traditional negligence claim are met on these facts), Defendant has presented no authority, whether under federal or Michigan law, holding a conservator liable in an individual capacity to a third party.

Therefore, there is no basis on which to sustain Defendant's third-party complaint.

## V. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Third-Party Defendant Alan May's motion to dismiss [dkt 18] is GRANTED. Defendant Alan May is dismissed from this lawsuit in his individual capacity.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: October 9, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 9, 2009.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290